17-2570-cr
*United States v. Dervishaj*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of September, two thousand nineteen.

PRESENT:  RICHARD C. WESLEY,
          DENNY CHIN,
          JOSEPH F. BIANCO,
                    *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA
          *Appellee,*

          v.                                              17-2570-cr

REDINEL DERVISHAJ, AKA Redi, AKA Red,
          *Defendant-Appellant.*\*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

FOR APPELLEE:                         Emily Berger, Nadia I. Shihata, Patrick
                                      T. Hein, Assistant United States
                                      Attorneys, *for* Richard P. Donoghue,

---

\*       The Clerk of Court is respectfully directed to amend the official caption to conform to the above.

United States Attorney for the Eastern District of New York, Brooklyn, New York.

FOR DEFENDANT-APPELLANT: Redinel Dervishaj, *pro se*, Pine Knot, Kentucky.

Appeal from the United States District Court for the Eastern District of New York (Vitaliano, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-appellant Redinel Dervishaj appeals the judgment of the district court entered August 16, 2017, convicting him of twelve counts: three counts of Hobbs Act extortion conspiracy; three counts of attempted Hobbs Act extortion; three counts of Hobbs Act violence-in-furtherance-of-extortion; and three counts of possession or brandishing of a firearm in furtherance of a crime of violence. Dervishaj was principally sentenced to a mandatory minimum term of 57 years' imprisonment. Dervishaj, proceeding *pro se*,[1] raises a number of issues that he argues warrant a new trial or vacatur of one of more of his counts of conviction. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

---

[1] Following the withdrawal of several appointed CJA attorneys, Dervishaj moved to proceed *pro se* and we granted the motion.

2

First, Dervishaj argues that the government committed prosecutorial misconduct by suborning perjury.   This argument is without merit.   To the extent there were discrepancies between witnesses' pre-trial testimony and trial testimony, Dervishaj was entitled to draw out these discrepancies on cross-examination, and the jury was "entitled to weigh the evidence and decide the credibility issues for itself." *United States v. McCarthy*, 271 F.3d 387, 399 (2d Cir. 2001).   Dervishaj has failed to show that "[s]imple inaccuracies or inconsistencies in testimony [rose] to the level of perjury," *United States v. Monteleone*, 257 F.3d 210, 219 (2d Cir. 2001), or that the government suborned such perjury.

Dervishaj next argues that the evidence resulting from the government's seizure of a vehicle at 5:47 a.m. on December 3, 2016 should have been suppressed.   In evaluating a district court's ruling on a motion to suppress, "we review legal conclusions *de novo* and findings of fact for clear error."   *United States v. Bershchansky*, 788 F.3d 102, 108 (2d Cir. 2015).   Although the warrant in question was to be executed between the hours of 6:00 a.m. and 10:00 p.m., the district court properly concluded that this technical violation of Federal Rule of Criminal Procedure 41 was neither intentional nor prejudicial.   *See United States v. Lambus*, 897 F.3d 368, 391 (2d Cir. 2018).   Dervishaj was already in custody when the vehicle was seized, it was seized from a public street in New York City, and there is no reason to believe that the seizure would have been less abrasive if conducted 15 minutes later.

Third, Dervishaj argues that the district court abused its discretion in admitting one photograph found on Dervishaj's co-conspirator's cellphone showing a single handgun resting on a target at a gun range. We review a district court's evidentiary rulings "under a deferential abuse of discretion standard" and will "disturb an evidentiary ruling only where the decision to admit or exclude evidence was manifestly erroneous." *United States v. Litvak*, 889 F.3d 56, 67 (2d Cir. 2018) (internal quotation marks omitted). The district court's finding that the probative value of the photograph was not substantially outweighed by the danger of unfair prejudice was not an abuse of discretion. *See* Fed. R. Evid. 403. The photograph was probative of Dervishaj's co-conspirator's access to and comfort level with firearms, and it did not show anyone holding the gun or in any way suggest that the possession or use of the gun was illegal. *See United States v. Roldan-Zapata*, 916 F.2d 795, 804 (2d Cir. 1995).

Fourth, Dervishaj contends that the nine Hobbs Act charges are multiplicitous in violation of the Fifth Amendment's Double Jeopardy Clause. This argument is waived. Pursuant to Federal Rule of Criminal Procedure 12(b)(3), a defendant must raise arguments based on defects in the indictment, including "charging the same offense in more than one count (multiplicity)," by pretrial motion "if the basis for the motion is then reasonably available and the motion can be determined without a trial on the merits." Here, the basis for a motion challenging multiplicity was available when the Third Superseding Indictment was filed in February 2016, more than a month

4

before trial. No objection was then raised. *See United States v. Chacko*, 169 F.3d 140, 145 (2d Cir. 1999) ("[A] Double Jeopardy challenge can be waived . . . if not asserted at the district court level."). And in any event, the district court sentenced Dervishaj concurrently -- to one day's imprisonment -- on each of the nine extortion-related counts. Because erroneous multiplicity, if any, in the indictment did not affect Dervishaj's term of imprisonment, any error did not seriously affect the fairness of the proceedings below.

Fifth, Dervishaj argues that his convictions under 18 U.S.C. § 924(c) must be vacated because none of the predicate offenses are crimes of violence. We review *de novo* whether a crime is categorically a "crime of violence" under 18 U.S.C. § 924(c). *See United States v. Hill*, 890 F.3d 51, 54-55 (2d Cir. 2018). Under § 924(c), it is a federal crime to use or carry a firearm during and in relation to a crime of violence, or to possess a firearm in furtherance of a crime of violence. A crime of violence is a federal felony that:

     (A)    has as an element the use, attempted use, or threatened use of physical force against the person or property of another [(the "Elements Clause")], or

     (B)    by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense [(the "Residual Clause")].

18 U.S.C. § 924(c)(3). We need not consider whether Dervishaj's convictions are crimes of violence under the Residual Clause because his Hobbs Act violence-in-furtherance-

5

of-extortion convictions are plainly crimes of violence under the Elements Clause.

The Third Superseding Indictment charged Dervishaj with "knowingly and intentionally commit[ting and threatening] physical violence to [John Does #1, #2, and #3] in furtherance of a plan and purpose to obstruct, delay and affect commerce . . . , by extortion, to wit:   a plan and purpose to obtain proceeds from [John Does #1, #2, and #3], with [their] consent, which consent was to be induced by wrongful use of actual and threatened force, violence and fear of physical injury."[2]   Gov. App. at 153-54. The district court instructed the jury that to convict on Counts Three, Seven, and Eleven, the government had to prove that (1) "the defendant threatened (or, for count 11, committed) physical violence to any person or property," (2) "the physical violence threatened or committed furthered a plan or purpose to commit Hobbs Act extortion," and (3) "the plan or purpose to commit Hobbs Act extortion, if successful, would have in any way or degree obstructed, delayed, or affected commerce or the movement of any article or commodity in commerce."   Trial Tr. at 1748   For the jury to convict Dervishaj on these counts, therefore, it had to find that Dervishaj threatened or committed physical violence to another's person or property.   This element plainly meets § 924(c)(3)(A)'s definition of "use, attempted use, or threatened use of physical force against the person or property of another."   Thus, Hobbs Act violence-in-

---

[2]   This crime is distinct from the crimes of Hobbs Act extortion and Hobbs Act robbery. *See Scheidler v. Nat'l Org. for Women*, 547 U.S. 9, 22 (2006) (noting that the "Hobbs Act crime of using violence in furtherance of" robbery or extortion is a "separate" crime from Hobbs Act extortion and robbery).

furtherance-of-extortion as charged here is categorically a crime of violence. In its verdict sheet, the jury specifically found that the government proved beyond a reasonable doubt that Dervishaj possessed and brandished a firearm with respect to each of Counts Three, Seven, and Eleven. Accordingly, Dervishaj's § 924(c) convictions stand.

Finally, Dervishaj argues that there is insufficient evidence to support his convictions on the § 924(c) counts. We are unpersuaded. The evidence amply supports Dervishaj's § 924(c) convictions because as to Count Four, the evidence demonstrates that Dervishaj actually possessed a firearm that was used to extort. And as to Counts Eight and Twelve, the evidence shows that Dervishaj aided and abetted the commission of extortionate acts furthered by the use or possession of a firearm. *See Rosemond v. United States*, 572 U.S. 65, 71-74 (2014); *United States v. Prado*, 815 F.3d 93, 105 (2d Cir. 2016).

\*          \*          \*

We have considered all of Dervishaj's remaining arguments and find them to be without merit. For the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

7